**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MIRNA RUBIDIA ARTIGA CARRERO
218 Melvin Avenue
Baltimore, Maryland 21228

Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY;

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT;

and,

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES

Defendants.

Case No. ____________________

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Plaintiff MIRNA RUBIDIA ARTIGA CARRERO ("Ms. Artiga"), sues Defendants, the UNITED STATES DEPARTMENT OF HOMELAND SECURITY ("DHS") and its components, UNITED STATES IMMIGRATION AND CUSTOMS ("ICE"), and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"), pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, based on Defendants' improper withholding of agency records.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff, MIRNA RUBIDIA CARRERO ARTIGA, is a citizen of El Salvador and a resident of Baltimore County, Maryland. She seeks documents generated by ICE that are contained in her Alien File or "A-File."

4. Defendant DHS is a Department in the Executive Branch of the United States Government, and includes component entities such as ICE and USCIS. DHS is headquartered in Washington, D.C., and is an agency within the meaning of 5 U.S.C. § 552(f).

5. Defendant ICE is a component of DHS. *See* 6 C.F.R. § 5.1(b). ICE generates and maintains records relating to removable noncitizens that become part of those individuals' A-Files. ICE is headquartered in Washington, D.C., and is an agency within the meaning of 5 U.S.C. § 552(f).

6. Defendant USCIS is a component of DHS. *See* 6 C.F.R. § 5.1(b). USCIS generates and maintains records on noncitizens that become part of those individuals' A-Files. On information and belief, USCIS is the primary custodian of all A-Files. USCIS is headquartered in Washington, D.C., and is an agency within the meaning of 5 U.S.C. § 552(f).

## FACTS

7. In August 2014, Ms. Artiga was detained and transferred to ICE custody by, on information and belief, a local law enforcement officer in Baltimore County, Maryland. She was detained by ICE for nearly six weeks.

8. In early 2015, Ms. Artiga sought information about how she had arrived in ICE custody the previous August. That information is commonly documented on form I-213, which is generated by ICE and maintained in an individual's Alien File or "A-File."

9. An A-File is a collection of documents that DHS maintains on non-citizens. Each file is identified by the individual's Alien Number ("A-Number"). An A-File contains all of the official documents related to an individual's immigration status and citizenship including reports of investigation, statements, correspondence and memoranda generated by ICE and USCIS.

10. On June 9, 2015, undersigned counsel from the American Civil Liberties Union of Maryland ("ACLU") submitted a FOIA request ("the Request") to ICE on Ms. Artiga's behalf. The request sought:

> All files and documents contained in the A-file of Ms. Mirna Artiga Carrero (or "Mirna Artiga"), A#099-477-595, including Form I-213.

The request was accompanied by an Affirmation/Declaration executed by Ms. Artiga, authorizing the release of the requested records to the ACLU. A copy of the Request and Affirmation/Declaration are attached as Exhibit A.

11. On or about June 11, 2015, ICE acknowledged receipt of the Request, and indicated that it was being forwarded to USCIS, which maintains the A-Files. Plaintiff's counsel was informed that USCIS would respond directly to them regarding the request and that any questions they had concerning the Request should be directed to USCIS. A copy of the postcard mailed by ICE acknowledging Plaintiff's Request and describing the transfer to USCIS is attached as Exhibit B.

12. On June 23, 2015, USCIS acknowledged receipt of the Request and provided Plaintiff with a control number by which the Request could be tracked. USCIS' letter further

stated that the Request was being placed "in the complex track (Track 2)." A copy of USCIS' letter acknowledging the Request is attached as Exhibit C.

13. USCIS responded to the Request by letter dated October 1, 2015. Along with the letter USCIS released 528 of the 633 pages in Ms. Artiga's A-File, in full, and 12 pages, in part. USCIS indicated that it was withholding four pages in their entirety. A copy of USCIS' October 1, 2015, letter is attached as Exhibit D. The records released did not include Form I-213 from Ms. Artiga's detention in or around August 2014.

14. In its response to the Request, USCIS also stated:

> During our review, USCIS located a potentially responsive document(s) that may have originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you.

Ex. D.

15. ICE has not responded to the Request or provided any records responsive to the Request. Through counsel, Plaintiff has repeatedly asked when she can expect to receive a response, but ICE has not provided a timeframe for its consideration of the Request. For example:

a. On October 20, 2015, undersigned counsel Sirine Shebaya, who filed the Request on Ms. Artiga's behalf, e-mailed the ICE FOIA Office to ask "how long it will take to get the missing documents that are in ICE's possession over to us."

b. On the same date, ICE FOIA responded by e-mail, stating "it is difficult to say when we will input [the Request] into our system."

c. On October 21, 2015, Ms. Shebaya e-mailed again and asked if it would be possible to expedite ICE's processing of the Request or, at least, ICE's processing of the

request as it related to the I-213 form relating to Ms. Artiga's August 2014 detention. ICE responded, stating:

> Unfortunately our office doesn't have the ability to access or change the queue or dates of the transferals, nor can we release select documents for a case.

A copy of the e-mails exchanged between Ms. Shebaya and the ICE FOIA Office on October 20 and 21, 2015, are attached as Exhibit E.

d. On January 19, 2016, having received no response, Ms. Shebaya e-mailed the ICE FOIA Office again to inquire as to the status of their response to the Request. ICE did not respond to Ms. Shebaya's e-mail. A copy of Ms. Shebaya's January 19, 2016, e-mail is attached as Exhibit F.

e. On February 19, 2016, Ms. Shebaya e-mailed the ICE FOIA Office once more. In addition to inquiring as to the status of ICE's response to the Request, Ms. Shebaya wrote that ICE's failure to respond by March 4, 2016, would be construed as a constructive denial of the Request.

f. On February 22, 2016, ICE responded by e-mail stating that it had "determined [the Request] is currently in the queue to be processed," and that an additional ICE-specific tracking number would be provided once it was input for processing. A copy of Ms. Shebaya's February 19, 2016, and ICE's February 22, 2016, e-mails are attached as Exhibit G.

16. By April 20, 2016, after having received no additional communication from ICE regarding the Request, undersigned counsel filed an appeal with DHS based on ICE's failure to respond to the Request. Counsel attempted to have the appeal hand delivered to DHS' Associate General Counsel (General Law) on April 20, 2016, but their messenger was refused access to

DHS' premises. The appeal was instead sent by e-mail to ogc@hq.dhs.gov and by First Class Mail to the following address, identified on DHS' website:[1]

Office of the General Counsel
Department of Homeland Security
Mail Stop 3650
Washington, DC 20528

*See* Ex. H.

17. During the pendency of the appeal, undersigned counsel Kevin Docherty continued to attempt to obtain a response from ICE about the status of the request. On May 10, 2016, ICE FOIA responded via e-mail stating that they had not yet received the request from USCIS, even though ICE had previously represented that the request was in queue to be processed. Ex. I.

18. Despite repeated attempts over the course of many months to obtain information about a timeline for ICE's compliance as well as the nature of the documents referred by USCIS, ICE has continued to stonewall Ms. Artiga's Request and has patently failed to respond within the time allotted by FOIA.

19. The twenty-day statutory period to respond to that part of Plaintiff's Request encompassing documents that originated with ICE has elapsed with no response or determination from either DHS, USCIS, or ICE, that the documents USCIS stated it was referring to ICE in October 2015, will be produced. *See* 5 U.S.C. § 552(a)(6)(A)(i).

20. The fact that the Request was referred from ICE to USCIS and then back to ICE does not toll the time for ICE to comply with FOIA. *See* 6. C.F.R. § 5.4(g).

[1] Department of Homeland Security, Office of the General Counsel, https://www.dhs.gov/office-general-counsel (last accessed April 27, 2016).

21. DHS has not responded to Plaintiff's administrative appeal within the time period prescribed by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

22. ICE is in possession of records that are responsive to the request.

23. Alternatively, USCIS is in possession of records that are responsive to the Request because it did not timely refer such records and the Request to ICE, as it represented in its October 2015 letter.

**FIRST CAUSE OF ACTION**
**(Against ICE, DHS, and USCIS)**

24. Plaintiff incorporates and realleges all of the allegations in the foregoing paragraphs as if set forth fully herein.

25. Defendants' failure to make a reasonable effort to search for the records sought violates FOIA, 5 U.S.C. § 552(a)(3), and DHS' corresponding regulations. *See* 6 C.F.R. § 5.4.

26. Defendants' failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 522(a)(6)(A), and Defendants' corresponding regulations. *See* 6 C.F.R. § 5.6.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Enter judgment in favor of Plaintiff Ms. Artiga, and against Defendants, DHS, ICE, and USCIS;

B. Declare that Defendants unlawfully failed to respond to Plaintiff's June 9, 2015, FOIA Request;

C. Issue an injunction ordering Defendants to immediately identify the records among those that USCIS represented it had referred to ICE on or around October 1, 2015, that

are responsive to Plaintiff's June 9, 2015, FOIA Request, and to disclose such records promptly or state a lawful basis for withholding them;

D. Award Plaintiff reasonable attorneys' fees, incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and,

E. Grant such other and further relief as the Court may deem just and proper.

/s/ Kevin D. Docherty

Daniel F. Goldstein (Bar No. 01036)
Kevin D. Docherty (Bar No. 18596)
BROWN, GOLDSTEIN & LEVY LLP
120 E. Baltimore Street, Suite 1700
Baltimore, MD 21202
Phone: (410) 962-1030
Fax: (410) 385-0869
dfg@browngold.com
kdocherty@browngold.com

David Rocah (Bar No. 27315)
*Senior Staff Attorney*
ACLU OF MARYLAND
3600 Clipper Mill Rd., #350
Baltimore, MD 21211
Phone: (410) 889-8555
Fax: (410) 366-7838
rocah@aclu-md.org

Sirine Shebaya (Bar No. 07191)
P.O. Box 42219
Washington, DC 20015
Phone: (202) 656-4788
sshebayamd@gmail.com
*Cooperating Attorney for the ACLU of Maryland*

*Attorneys for Plaintiff*

Dated: May 20, 2016